JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile:   (510) 839-3882

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGYNALD JACKSON,<br><br>              Plaintiff,<br><br>       vs.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT NICHELINI, in his capacity as Chief of Police for the CITY OF VALLEJO; WILLIAM HAMRICK, individually and in his capacity as a police officer for the CITY OF VALLEJO; KENT TRIBBLE, individually and in his capacity as a police officer for the CITY OF VALLEJO; and DOES 1-25, inclusive, individually and in their capacities as police officers for the CITY OF VALLEJO,<br><br>              Defendants.<br>                                                         / | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS.**<br>**JURY TRIAL DEMANDED** |

JURISDICTION

1.     This action arises under Title 42 of the United States Code, Section 1983.  Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.  The unlawful acts and practices alleged herein occurred in the City of Vallejo, California, which is within this judicial district.

PARTIES

2. Plaintiff herein, REGYNALD JACKSON, is and at all times herein mentioned was a citizen of the United States residing in Solano County in California, and is readily recognizable as an African-American.

3. Defendant City of Vallejo ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. The City operates under its authority the Vallejo Police Department.

4. Defendant ROBERT NICHELINI ("NICHELINI") is employed by defendant CITY OF VALLEJO as Chief of Police. He is being sued in his official capacity as Chief of Police for the CITY.

5. Defendant officer WILLIAM HAMRICK ("HAMRICK"), is, and at all times mentioned herein was, employed by defendant CITY as a police officer. He is being sued individually and in his capacity as a police officer for the CITY.

6. Defendant officer KENT TRIBBLE ("TRIBBLE"), is, and at all times mentioned herein was, employed by defendant CITY as a police officer. He is being sued individually and in his capacity as a police officer for the CITY.

7. At all times mentioned herein, defendant officers DOES 1-25, inclusive, were employed by defendant CITY as police officers. They are being sued individually and in their capacities as police officers for the CITY.

8. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend his complaint to state the names and capacities of DOES 1 through 25, inclusive, when they have been ascertained.

9. In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the City. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police

officers under the United States Constitution and as police officers employed by Defendant CITY.

STATEMENT OF FACTS

10. On September 7, 2003, at about 2:45 a.m., Plaintiff JACKSON, a 49 year-old disabled former Travis Air Force Base employee, walked toward his home in Vallejo, California. Defendant Officers initiated a stop of Plaintiff just past Mark Avenue on Amelia and Cynthia Streets in the Crest area of Vallejo.  Defendant Officer HAMRICK, who drove, stopped the police vehicle next to Plaintiff and asked Plaintiff for his name and asked where he was going.  Plaintiff told the officer his name and told the officer that he was going home.  Defendant Officer HAMRICK asked Plaintiff what he had in his mouth. Plaintiff had nothing but his teeth in his mouth and told the officer that he did not have anything in his mouth. Plaintiff continued walking home.   Defendant Officers alleged in their police report and in court proceedings that they could see white objects in Plaintiff's mouth. Plaintiff denies possessing any contraband whatsoever.

11. Plaintiff noticed Defendant Officer TRIBBLE put on a pair of gloves, which caused Plaintiff to become fearful.  Defendant Officer TRIBBLE exited the patrol car as he put on the gloves and Plaintiff feared that the officers intended to harm him.  Plaintiff then fled from the officers  due to their intimidating demeanor and actions. Defendant Officer HAMRICK pursued Plaintiff with his patrol vehicle while Officer TRIBBLE pursued Plaintiff on foot.. Defendant Officer HAMRICK then exited his patrol vehicle and allegedly chased Plaintiff for about 100 yards before he caught up to Plaintiff. Plaintiff had fallen to the ground  and surrendered to Defendant Officer HAMRICK. Defendant Officer HAMRICK falsely claimed in his police report and in court testimony that Plaintiff, who was not under the influence of any mind-altering substance, turned around and struck the fully-armed officer in the shoulder.

12. Immediately after Plaintiff surrendered to the officers, Defendant Officer HAMRICK handcuffed Plaintiff with Plaintiff's hands behind his back.

13. Although Plaintiff posed no threat to the officers, Defendant Officer TRIBBLE forcefully and maliciously struck Plaintiff in the top of the head with his wooden baton. Defendant Officer TRIBBLE then struck Plaintiff numerous times in the lower leg and head area.  The blows

were so forceful that Defendant Officer TRIBBLE broke Plaintiff's left leg in two places before breaking the baton. The baton broke in half after Defendant Officer TRIBBLE struck Plaintiff in the head a final time. Plaintiff bled severely from the head, and suffered immediate and severe pain from the blows to the head and legs and the broken leg.

14. Plaintiff was transported by an ambulance to Sutter Hospital where he received treatment for his injuries. Plaintiff remained in the hospital for one day. Defendant Officers recovered no contraband from Plaintiff, but claimed they located a gelatin pill, which was identified without chemical analysis as methadone. Plaintiff received numerous staples in the head to close the gash in his head. Plaintiff was not medically cleared for incarceration since he suffered a head injury which required close observation. After being released from the hospital, Plaintiff recovered to a limited extent out of custody while charges were pending against him.

15. Plaintiff was wrongfully charged as a direct consequence of Defendant Officers fabrications in their police report of the incident and faced false charges of Possession of a Controlled Substance- Methadone (11350(a) Health and Safety Code), Battery upon a Police Officer (243(b) Penal Code), and Resisting Arrest (148(a)(1) Penal Code). The charge of Possession of a Controlled Substance was dismissed on the day of Plaintiff's trial on the criminal charges, but Plaintiff nonetheless stood trial on false charges of Resisting Arrest and Battery upon a Police Officer. Plaintiff was acquitted of those charges on January 10, 2005 following a jury trial.

## DAMAGES

16. As a proximate result of Defendants' conduct, Plaintiff suffered pain and physical injuries including a broken left leg, severe head trauma with continuing neurological symptoms, and severe bruising, and contusions. Plaintiff was falsely arrested and faced false charges until he was acquitted at trial. As a further proximate result of defendants' conduct, Plaintiff suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and pride as a United States citizen.

17. Plaintiff was falsely arrested and assaulted and battered by defendant officers without any just provocation or probable cause, suffered injuries as described herein and incurred medical expenses.

18. The conduct of defendant officers was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against said defendant police officers of the CITY.

19. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of his civil rights.

FIRST CAUSE OF ACTION<br>(42 U.S.C. Section 1983)<br>(Against defendant officers HAMRICK, TRIBBLE, and DOES 1-10, inclusive)

20. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 19 of this Complaint.

21. In doing the acts complained of herein, Defendant Officers HAMRICK, TRIBBLE and DOES 1-10, inclusive, and/or each of them, acted under color of law to deprive plaintiff of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

    b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

    c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

    d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

    e. The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

SECOND CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendants CITY, and DOES 11-25)

22.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 21 of this Complaint.

23.     Plaintiff is informed and believes and thereon alleges that high ranking City of Vallejo officials, including high ranking police supervisors DOES 11 through 25, and/or each of them, knew and/or reasonably should have known about the repeated acts of misconduct by Defendant Officers HAMRICK, TRIBBLE, and DOES 1-10, inclusive, and/or each of them.

24.     Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants DOES 11-25, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

25.     Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendant Officers HAMRICK, TRIBBLE, and DOES 1-10, inclusive, and/or each of them, DOES 11-25, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of the Plaintiff's rights as alleged herein.

26.     The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City of Vallejo officials, including high ranking City of Vallejo Police Department supervisors DOES 11-25, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

e. The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

27. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

THIRD CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendant CITY)

28. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 27 of this Complaint.

29. As against Defendant CITY and/or DOES 11-25 in his/their capacity as official policy-maker(s) for the CITY OF VALLEJO, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY OF VALLEJO Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

30. Plaintiff is further informed and believes and thereon alleges that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants CITY, DOES 11-25, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the Defendant CITY, DOES 11-25, and each of them.

31. The injuries and damages to Plaintiff as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendant CITY, DOES 11-25, and each of them.

32. Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendant CITY OF VALLEJO Police Department.

33. Plaintiff is further informed and believes and upon such information and belief alleges that Plaintiff's damages and injuries were caused by customs, policies, patterns or practices of Defendant CITY, DOES 11-25, and each of them, exhibiting deliberate indifference in the training, supervision and/or discipline of defendant officers HAMRICK, TRIBBLE, and DOES 1-10, inclusive, and/or each of them.

34. The mentioned customs, policies or practices of Defendant CITY, DOES 11-25, and each of them, resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

 a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

 b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

    c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

    d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

    e. The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

35. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
(Assault and Battery)
(Against Defendants HAMRICK, TRIBBLE, and DOES 1-10)

36. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 35 of this Complaint.

37. Defendants HAMRICK, TRIBBLE, and DOES 1-10, inclusive, placed Plaintiff in immediate fear of death and severe bodily harm by attacking and battering him without any just provocation or cause.

38. These defendants' conduct was neither privileged nor justified under statute or common law.

39. As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
(False Arrest and Imprisonment)
(Against Defendants HAMRICK, TRIBBLE, and DOES 1-10)

40. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 39 of this Complaint.

41. Defendants HAMRICK, TRIBBLE and DOES 1-10, inclusive, falsely arrested and imprisoned Plaintiff without probable cause. Plaintiff had not committed any of the crimes with which he was charged, and there was no basis upon which defendants could have reasonably believed that plaintiff had committed any of the crimes with which he was charged.

42. Defendants HAMRICK, TRIBBLE and DOES 1 through 10, inclusive, failed to observe proper procedures in falsely arresting and imprisoning Plaintiff without probable cause. These defendants exceeded the limits of their authority as police officers in falsely arresting and imprisoning Plaintiff without probable cause, and in using excessive and unnecessary force against Plaintiff.

43. As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

SIXTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Against Defendants HAMRICK, TRIBBLE, and DOES 1-10)

44. Plaintiff realleges and incorporate by reference herein paragraphs 1 through 43 of this Complaint.

45. The conduct of Defendants HAMRICK, TRIBBLE, and DOES 1 through 10, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Defendants committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiff.

46.     As a proximate result of Defendants' willful, intentional and malicious conduct, plaintiffs suffered severe and extreme mental and emotional distress.  Therefore, Plaintiff is entitled to an award of punitive damages as against said defendants.  Plaintiff has suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

SEVENTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)
(Against Defendants HAMRICK, TRIBBLE,  and DOES 1-10)

47.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 48 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

48.     The wrongful conduct of Defendants , and DOES 1 through 10, inclusive, as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of Plaintiff.

49.     As a proximate result of Defendants' negligent conduct, Plaintiff has suffered severe emotional and mental distress, having a traumatic effect on Plaintiff's emotional tranquility.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

EIGHTH CAUSE OF ACTION
(Violation of Civil Code Section 51.7)
(Against Defendants HAMRICK, TRIBBLE, and DOES 1-10, inclusive)

50.     Plaintiff realleges and incorporates by reference  herein paragraphs 1 through 49 of this complaint.

51.     Plaintiff is informed and believes and thereon alleges that the conduct of defendants HAMRICK, TRIBBLE, and DOES 1-10, inclusive, as described herein, was motivated by racial prejudice against plaintiff.  Plaintiff is and was readily recognizable as African-American.  In engaging in such conduct, defendants violated Plaintiff's rights under California Civil Code Section

51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

52. Under the provisions of California Civil Code Section 52(b), Defendants are liable for each violation of Civil Code Section 51.7 for punitive damages, an additional $25,000.00, and for reasonable attorney's fees.

53. As a proximate result of defendants' wrongful conduct, plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

NINTH CAUSE OF ACTION
(Violation of Civil Code Section 52.1)
(Plaintiff against Defendants HAMRICK, TRIBBLE, and DOES 1-10)

54. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 53 of this Complaint.

55. The conduct of Defendants HAMRICK, TRIBBLE, and DOES 1 through 10, inclusive, as described herein, acting in the course and scope of their employment for Defendant CITY, violated California Civil Code Section 52.1, in that they interfered with Plaintiff's exercise and enjoyment of his civil rights, through use of wrongful and excessive force, and failure to make any proper or reasonable arrest of said Plaintiff.

56. As a direct and proximate result of Defendants' violation of Civil Code Section 52.1, Plaintiff suffered violation of his constitutional rights, and suffered damages as set forth herein.

57. Since this conduct occurred in the course and scope of their employment, Defendant CITY is therefore liable to Plaintiff pursuant to respondeat superior.

58. Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiff prays for relief, as hereinafter set forth.

TENTH CAUSE OF ACTION
(Negligence)
(Against Defendants HAMRICK, TRIBBLE, and DOES 1-10)

59. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 58 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

60. At all times herein mentioned, Defendants HAMRICK, TRIBBLE, and DOES 1 through 10, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and making of arrests. The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiff to suffer injuries and damages as set forth herein. Pursuant to Government Code Section 815.2(a), Defendant CITY is vicariously liable to Plaintiff for his injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

61. As a proximate result of Defendants' negligent conduct, Plaintiff suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiff's emotional tranquility, and suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

ELEVENTH CAUSE OF ACTION
(Negligent Hiring, Retention, Training, Supervision, and Discipline)
(Against Defendants CITY, NICHELINI, and DOES 11-25)

62.  Plaintiff realleges and incorporates by reference herein paragraphs 1 through 57 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

63.  At all times herein mentioned, defendant CITY, by and through its supervisory employees and agents, NICHELINI, and DOES 11-25, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to citizens.  With deliberate indifference, CITY, NICHELINI, and DOES 11-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights and injury to said plaintiff.  CITY, NICHELINI, and DOES 11-25, inclusive, breached their duty of care to citizens in that CITY, NICHELINI, and DOES 11-25, inclusive, failed to adequately train its police officers, including Defendants HAMRICK, TRIBBLE, and DOES 1-10, inclusive, in the proper and reasonable use of force, the proper and reasonable making of arrests, and treating citizens in a manner that is not racially discriminatory, and/or failed to have adequate policies and procedures regarding the proper and reasonable use of force, the proper and reasonable making of arrests, and treating citizens in a manner that is not racially discriminatory. This lack of adequate supervisorial training, and/or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive and unreasonable force by police officers employed by CITY, the continuing failure to make proper and reasonable arrests by police officers employed by CITY, and continuing racially discriminatory behavior towards citizens by police officers employed by the CITY.

64. As a proximate result of defendants CITY, NICHELINI, and DOES 11-25, inclusive's negligent conduct, plaintiff suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiff's emotional tranquility, and suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

65. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum of $5,000,000.00;

2. For special damages in a sum according to proof;

3. For punitive damages in a sum according to proof;

4. For injunctive relief enjoining Defendant CITY OF VALLEJO from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant CITY from using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;

5. For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;

6. For violation of California Civil Code Section 51.7 pursuant to California Civil Code Section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;

7. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

8. For cost of suit herein incurred; and

9. For such other and further relief as the Court deems just and proper.

Dated: July 11, 2005                    **The Law Offices of John L. Burris**

                                        _____
                                        John L. Burris
                                        Attorney for Plaintiff

COMPLAINT FOR DAMAGES                                                    15